IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SILVIA MIRANDA CARDONA, an individual, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-6280 |
| v. | ) ) ) | |
| GREEN LEAF THAI LIMITED, an Illinois corporation, and RATTIYA UDOMPAICHITKUL, an individual, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff, Silvia Miranda Cardona, by and through her attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Green Leaf Thai Limited, an Illinois corporation, and Rattiya Udompaichitkul (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Secure Leave Ordinance ("CMWO"), § 6-105-010, *et seq*., of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek, while compensating the Plaintiff on an unlawful per diem salary basis. Plaintiff is a former food preparer and dishwasher at Defendants' Green Leaf Thai Cuisine restaurant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4. Plaintiff Silvia Miranda Cardona ("Plaintiff" or "Miranda") is a former employee of Defendants' Green Leaf Thai Cuisine restaurant located at 4658 North Western Avenue in Chicago, Illinois. Plaintiff Miranda worked as a food preparer and dishwasher at Defendants' restaurant from July 10, 2021 through October 24, 2021.

5. During the course of her employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, and tools, utensils and cleaning products, which moved in interstate commerce prior to being used or purchased in Illinois.

6. Plaintiff resides in and is domiciled in this judicial district.

7. Defendant Green Leaf Thai Limited ("Green Leaf") does business as the Green Leaf Thai Cuisine restaurant on North Western Avenue in Chicago, Illinois, and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8. Upon information and belief, Defendant Green Leaf has earned more than $500,000.00 in annual gross revenue during 2021.

9. Defendant Green Leaf is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10. Defendant Rattiya Udompaichitkul ("Udompaichitkul") is an owner of the Green Leaf Thai Cuisine restaurant and is the president of the restaurant's operating entity, Defendant Green Leaf Thai Limited.

11. At all times relevant to this action, Defendant Udompaichitkul possessed extensive oversight over the Green Leaf Thai Cuisine restaurant and its business operations. Defendant Udompaichitkul was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; she possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

12. Defendant Udompaichitkul resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

13. During the period from July 10, 2021 through August 29, 2021, Plaintiff regularly worked at Defendants' Green Leaf Thai Cuisine restaurant five (5) days per week including Sunday, Wednesday and Thursday from 11:00 a.m. to at least 10:00 p.m.; and Friday and Saturday from 11:00 a.m. to at least 10:30 p.m. Plaintiff typically did not work on Monday or Tuesday.

14. During the period from August 30, 2021 through October 24, 2021, Plaintiff continued to work five (5) days per week including Sunday from 11:00 a.m. to at least 10:00 p.m.; Wednesday and Thursday from 12:30 p.m. to at least 10:00 p.m.; and, Friday and Saturday from 11:00 a.m. to at least 10:30 p.m.

15. Based on her schedules, Plaintiff regularly worked fifty-six (56) hours in individual workweeks from July 10, 2021 through August 29, 2021; and, fifty-three (53) hours in individual workweeks from August 30, 2021 through October 24, 2021.

3

16. Defendants paid Plaintiff a per diem salary with unreported cash in the amount of $115.00 per day.

17. As a result of Defendants' improper salary payments, Defendants paid Plaintiff below the statutory minimum wage rates.

18. Further, Defendants did not compensate Plaintiff at one and one-half times her regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

19. Defendants never paid Plaintiff an overtime premium when she worked more than 40 hours in a workweek.

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-120 of the Municipal Code of Chicago; and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

25. Defendant Green Leaf Thai Limited is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(A).

26. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay her at a rate of one and one-half times her regular hourly rate of pay for all hours worked over forty (40) in a workweek.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

28. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and regularly did work more than forty (40) hours in individual workweeks. Defendants further avoided overtime wage obligations by placing Plaintiff on an illegal per diem salary compensation plan without regard to the number of hours worked each week. Defendants further concealed their FLSA violations by paying all of Plaintiff's wages with cash "under the table". In a further attempt to conceal their overtime wage violations, Defendants did not report their cash wage payments to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff, they failed to provide Plaintiff with a statement of wages paid and hours worked, and they otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Silvia Miranda Cardona, prays for a judgment against Defendants, Green Leaf Thai Limited and Rattiya Udompaichitkul, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

5

B.     Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages

29.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

30.     Throughout her employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

31.     Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

32.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

33.     Defendant Green Leaf Thai Limited is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

34.     Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

35.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants failed to pay minimum wages by paying Plaintiff on an improper per diem salary scheme without regard to the number of hours worked. Additionally, Defendants concealed their failure to pay minimum wages by paying Plaintiff's wages with unreported cash, failing to provide Plaintiff with any wage statement

records, failing to record the number of hours worked by Plaintiff, and otherwise violating the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Silvia Miranda Cardona, prays for a judgment against Defendants, Green Leaf Thai Limited and Rattiya Udompaichitkul, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages

36. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

37. Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

38. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

39. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

40. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

7

**WHEREFORE**, the Plaintiff, Silvia Miranda Cardona, prays for a judgment against Defendants, Green Leaf Thai Limited and Rattiya Udompaichitkul, as follows:

- A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

- B. Statutory damages in the amount of three times the amount of unpaid overtime;

- C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

- D. Reasonable attorneys' fees and costs incurred infilling and prosecuting this action; and,

- E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law – Minimum Wages

42. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

43. Throughout her employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

44. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

45. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

46. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Silvia Miranda Cardona, prays for a judgment against Defendants, Green Leaf Thai Limited and Rattiya Udompaichitkul, as follows:

- A. Judgment in the amount of unpaid minimum wages found due;

8

B.     Statutory damages in the amount of three times the amount of unpaid minimum wages;

C.     Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

E.     Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

47.     Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

48.     Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

49.     Defendants were each an "employer" as defined in the CMWO § 6-105-010.

50.     Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

51.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Silvia Miranda Cardona, prays for a judgment against Defendants, Green Leaf Thai Limited and Rattiya Udompaichitkul, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory damages in the amount of three times the amount of unpaid overtime;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages

52. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

53. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 6-105-020.

54. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

55. Under § 6-105-020, Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

56. Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 6-105-020.

**WHEREFORE**, the Plaintiff, Silvia Miranda Cardona, prays for a judgment against Defendants, Green Leaf Thai Limited and Rattiya Udompaichitkul, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

Dated: November 23, 2021                        Respectfully submitted,

                                                     Silvia Miranda Cardona,
                                                     Plaintiff

/s/ Timothy M. Nolan

_____

Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
tnolan@nolanwagelaw.com